**Vallely Law, PLLC**
Erick Vallely
Brett S. Silverman, Esq.
6851 Jericho Tpke, Suite 105
Syosset, NY 11791
evallely@vallelylaw.com
516.265.1733

*Counsel to 5AIF Nutmeg LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                     Chapter 7
                                                           Case No. 22-42448 (JMM)

26 South Corporation,

                          Debtor.
   -----------------------------------------------------------x

<u>**NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY**</u>

     **PLEASE TAKE NOTICE,** that upon the annexed Motion of 5AIF Nutmeg LLC (hereinafter "**Movant**") by and through its undersigned counsel, respectfully hereby moves this Court for the entry of an order, pursuant to, among others, 11 U.S.C. §§ 105, 362(d), as well as, Rule 4001 of the Federal Rules of Bankruptcy Procedure and the Court's Local Bankruptcy Rule 4001-1, for (i) a modification of the automatic stay provisions with respect to the real property known as 26 South 15th Avenue, Mount Vernon, NY, and (ii) for such other, further and different relief as the Court may deem just and proper (the "**Motion**").

     **PLEASE TAKE FURTHER NOTICE,** that a hearing on the Motion shall be returnable on the 17th day of November, 2022 at 10:00 a.m. of that day, or as soon thereafter as counsel can be heard, before the Hon. Jil Mazer-Marino at the U.S. Bankruptcy Court, EDNY, Conrad B. Duberstein Courthouse, 271- C Cadman Plaza East, Brooklyn, NY 11201-1800, or as may be directed by the Court (the "**Hearing**").

     **PLEASE TAKE FURTHER NOTICE** that the Hearing shall be held by telephonic hearing for which all interested parties must register with the Court via eCourt Appearances per the instructions below and on the Court's website https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino. For eCourt Appearances, please see eCourt Appearance registration at:

https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.

     Those unable to access eCourt Appearances must email Judge Jil Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior

to the hearing.  Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court, and shall be served upon (a) counsel for the Movant, Vallely Law, PLLC, attn: Erick Vallely, Esq., 6851 Jericho Tpke, Suite 105, Syosset, NY 11791; (b) the Office of the United States Trustee, 201 Varick Street, New York, NY 10014; (c) the Chapter 7 Trustee; and (d) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, so as to be received no later than **November 10, 2022** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained by visiting the Court's website at www.nyeb.uscourts.gov, or by contacting the Movant's counsel, Erick Vallely evallely@vallelylaw.com or 516.265.1733

Dated:  Syosset, New York
        October 27, 2022

                                        Vallely Law PLLC
                                        *Counsel to 5AIF Nutmeg, LLC*


                                        By:   *s/Erick Vallely*
                                                Erick Vallely
                                                Brett S. Silverman
                                        6851 Jericho Tpke, Suite 105
                                        Syosset, NY 11791
                                        evallely@vallelylaw.com
                                        516.265.1733

**Vallely Law, PLLC**
Erick Vallely
Brett S. Silverman, Esq.
6851 Jericho Tpke, Suite 105
Syosset, NY 11791
evallely@vallelylaw.com
516.265.1733

*Counsel to 5AIF Nutmeg LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------X
In re:

**26 South Corporation,**                              Case No. 22-42448 (JMM)

                           Debtor.                      Chapter 7
-------------------------------------------------------X

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO:   **THE HONORABLE JIL MAZER-MARINO**
      **UNITED STATES BANKRUPTCY JUDGE**

        5AIF Nutmeg, LLC (the "**Secured Creditor**"), by and through the undersigned counsel,

hereby moves this Court for the entry of an order, pursuant to, among others, 11 U.S.C. §§ 105,

362(d), as well as, Rule 4001 of the Federal Rules of Bankruptcy Procedure and the Court's Local

Bankruptcy Rule 4001-1, for (i) a modification of the automatic stay provisions with respect to the

Real Property (defined below), and (ii) for such other, further and different relief as the Court may

deem just and proper, and respectfully represents as follows (this "**Motion**"):[1]

---

[1] The Court has jurisdiction over this Debtor's bankruptcy proceeding pursuant to 28 U.S.C. §1334.  This bankruptcy
proceeding has been referred to this Court pursuant to 28 U.S.C. §157(a) and the order of reference of the United
Stated District Court for the Eastern District of New York.   This is a core proceeding pursuant to 28 U.S.C. §
157(b)(2)(G).  Venue is proper in this Court pursuant to 28 U.S.C. §1409. Authority for this Motion is pursuant to 11
U.S.C. §§ 362(d), 105(a) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

1.     On October 4, 2022 (the "**Petition Date**"), 26 South Corporation (the "**Debtor**") filed a voluntary Petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York, Brooklyn Division commencing the above-captioned case (this "**Bankruptcy Case**").

2.     Thereafter, on September 10, 2018, the Bankruptcy Case was converted to one under chapter 7 of the Bankruptcy Code, and, on the same date, John S. Pereira was appointed chapter 7 trustee (the "**Trustee**") of the Debtor's chapter 7 bankruptcy estate.

## The Loan and Default

3.     Upon information and belief, the Debtor is a subsequent transferee of the Real Property from New Mount Vernon Rising Management Corp. ("**New Mount Vernon**") who is the borrower and maker of the Loan (defined below).

4.     Prior to September 30, 2022, New Mount Vernon was the owner of 26 S. 15th Avenue, Mount Vernon, New York 10550 (the "**Real Property**").

5.     On September 7, 2018 (the "**Loan Date**"), Maureen C. Assoumou ("**Assoumou**") the principal of both New Mount Vernon and the Debtor, on behalf of the Debtor, executed and delivered to Insula Management, LLC (a predecessor of the Secured Creditor)("**Insula**"), among other documents, (a) Promissory Note in the original principal amount of $422,500.00( the "**Note**"), and (b) a mortgage securing payment of the Note (the "**Mortgage**" and, together with the Note, the "**Loan**").  True and correct copies of the Note and Mortgage are collectively attached hereto as **Exhibit "A"**.

6.     Subsequent to the Loan Date, Insula assigned the Loan and its related documents to Secured Creditor.

7.      Prior to the entry of the Judgment (defined below) (the "**Default Date**") and at all times through the date of this Motion, the Borrower has failed to make any payments under the Loan.

8.      On March 3, 2020, the Secured Creditor obtained a judgment of foreclosure and sale against New Mount Vernon in the amount of $522,049.77 plus costs and fees associated with the judgment, as well as, accruing fees, costs, and interest under the Loan (the "**Judgment**").  A true and correct copy of the Judgment is attached as part of Exhibit A with the Loan.

9.      Pursuant to its rights under the Judgment, the Secured Creditor noticed a sale of the Real Property which was scheduled to take place on May 18, 2022 (the "**First Scheduled Sale**"). A true and correct copy of the notice of the First Scheduled Sale is attached hereto as **Exhibit "B"**.

10.     On May 13, 2022, New Mount Vernon filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court, commencing case no. 22-41045 (JMM) (the "**NMV Bankruptcy**").

11.     New Mount Vernon filed the NMV Bankruptcy *pro se* and with significant deficiencies, including its failure to fill out basic information on the petition, as well as, a failure to post the filing fees.  As a result of the foregoing, the Court entered an order of dismissal on June 30, 2022 (the "**NMV Dismissal Order**").  *See* NMV Bankruptcy Docket No. 8.

12.     Subsequent to the entry of the NMV Dismissal Order, the Secured Creditor again noticed a sale of the Real Property, which sale was scheduled for October 6, 2022 (the "**Second Scheduled Sale**").  A true and correct copy of the notice of the Second Scheduled Sale is attached hereto as **Exhibit "C"**.

13.     On September 30, 2022, Assoumou formed the Debtor as a corporation under the laws of the State of New York.  A screen shot of the corporate formation of the Debtor is attached hereto as **Exhibit "D"**.

14.     Upon information and belief, subsequent to the formation of the Debtor, New Assoumou caused New Mount Vernon to transfer ownership of the Real Property to the Debtor in an effort to thwart the Second Scheduled Sale, and, in furtherance of this scheme, on the Petition Date, just 2 days before the Second Scheduled Sale, the Debtor filed the instant Bankruptcy Case.

15.     The Secured Creditor obtained a Brokers Price Opinion dated October 18, 2022 from River Realty Services regarding the value of the Real Property (the "**BPO**").  A true and correct copy of the BPO is attached as **Exhibit "E"**.   Pursuant to the BPO, the value of the Real Property  ranges as follows: (a) "AS IS" market value of $485,000.00, or (b) repaired and restored market value of $600,000.00.[2]

16.     As of the Petition Date, the amount due to the Secured Creditor under the Loan is $859,754.87, plus accruing fees, charges, expenses, other amounts due under the Loan, as well as, accruing interest (the "**Unpaid Balance**").

17.     Based upon the Unpaid Balance versus the estimated value of the Real Property the Secured Creditor is grossly under secured with respect to the Real Property by a significant amount (even if the Real Property were in good condition), which creates a situation where there is no equity in the Real Property for the Debtor or its creditors.  Moreover, as of the date hereof, no adequate assurance or other protections have been provided to the Secured Creditor.

---

[2] It should be noted that Zillow, which has no access to the Real Property, estimates the value of the house at $615,200.00.  *See*  https://www.zillow.com/b/40.907417,-73.846992_ll/.   Regardless, the Zillow price versus the Unpaid Balance still leaves the Secured Creditor significantly under secured.

## LEGAL ARGUMENT

### I. SECURED CREDITOR IS ENTITLED TO OBTAIN RELEIF FROM THE AUTOMATIC STAY AND ALL OTHER RELIEF SOUGHT BY ITS MOTION

**A. Relief from Stay Should be Granted.**

18.    Pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, the Court shall grant relief from the automatic stay:

> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest
>
> (2)    with respect to a stay of an act against property under subsection (a) of this section, if —
>
> (A)    the debtor does not have any equity in such property; and
>
> (B)    such property is not necessary to an effective reorganization.
>
> 11 U.S.C. §§ 362(d)(1) & (d)(2).

19.    "Sections 362(d)(1) and (d)(2) are disjunctive. Accordingly, the Court must lift the stay if the movant prevails under either of the two grounds." *In re Elmira Litho Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994) (collecting cases). Here, the Movant respectfully submits that it is entitled to vacation of the automatic stay under both subsection (d)(1) and (d)(2) of Bankruptcy Code §362.

### i. Cause Exists Under 11 U.S.C. § 362(d)(1)

20.    Pursuant to 11 U.S.C. § 362(d)(1), cause exists to lift or vacate the automatic stay as to the Secured Creditor because neither the Debtor nor New Mount Vernon has any ability to remedy the defaults under the terms of the Loan, has failed to pay any expenses associated with

the Real Property for years, including real estate taxes, which unpaid and open real estate taxes amount to $78,854.37.

21.    The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. *See Sonnax Indus., Inc. v. Tri Component Products Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Balco Ltd*, 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2004). The decision whether to lift the automatic stay is committed to the sound discretion of the bankruptcy judge and may be overturned only upon a showing of abuse of discretion.

22.    The fact that there exists no equity cushion or adequate protection to protect the Secured Creditor's interests constitutes "cause" warranting relief from the automatic stay. Lack of adequate protection is specifically defined as cause under section 362(d)(1). Although adequate protection is specifically defined in the Bankruptcy Code, section 361 lists three separate ways adequate protection may be provided to a creditor:

> a. cash payments or periodic cash payments;
>
> b. replacement lien; or
>
> c. granting such other relief, as will result in the realization of the indubitable equivalent of the creditor's interest in such property.

23.    "The whole purpose of adequate protection for a creditor is to ensure that the creditor receives the value for which he bargained pre-bankruptcy." *In re WestPoint Stevens, Inc.*, 600 F.3d 231, 257 (2d Cir. 2010); quoting, *In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994). The Supreme Court has stated that an "interest is not adequately protected if the security is depreciating during the term of the stay." *United Say. Ass'n v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 370 (1988); *see, also, In re Armenakis*, 406 B.R. 589, 620-21 (Bankr.

S.D.N.Y. 2009) (granting creditor's motion for relief from stay upon the finding that secured creditor had proven decline or threat of decline in value of collateral and debtor had not offered any proof that creditor was adequately protected).

24.     "Once the movant satisfies this initial burden, the burden shifts to the debtor to go forward with evidence, and ultimately, to prove that the collateral is not declining in value, or that the secured party is adequately protected through periodic payments, an equity cushion, additional or replacement liens or good prospects for a successful reorganization." *Elmira Litho*, 174 B.R. at 902 (citations omitted).

25.     In this case, no adequate protection has been offered by the Debtor. No payments have been made under the Loan or for real estate taxes in years.   In the meantime, the Real Property is declining in value versus the amount of accruing costs, interests and expenses from the Loan. The Debtor's Schedules do not evidence that it has any unencumbered funds with which to provide adequate protection or to meet its obligations to pay post-petition taxes.  Furthermore, there is no evidence of any kind that the Real Property is or has been insured.

26.     Moreover, it is clear from the scheme concocted by Assoumou, that the Debtor was only formed to accept title to the Real Property and to file the instant Bankruptcy Case only in order to further frustrate the Secured Creditor by staying the Second Scheduled Sale.  There is no question that this Bankruptcy Case is a "bad faith" filing and rises to the level of "cause".

27.     Even the most cursory review of the Debtor's Petition, as well as the Docket in this Bankruptcy Case, confirm that the Debtor cannot satisfy the debts due and owing to the Secured Creditor, protect the Secured Creditors' interests, nor legitimately further delay the Secured Creditor's right to sell the Real Property.

28.     The Debtor cannot satisfy its burden to demonstrate that the Real Property is not declining in value.  Nor can the Debtor credibly argue that the Secured Creditor is adequately protected.

29.     The Debtor, and its affiliate New Mount Vernon, has had many years to pay the Secured Creditor or otherwise make satisfactory arrangements for same, yet has failed to do so. Nothing in the record reveals that the Debtor or New Mount Vernon intends to nor can either cure the default and make payments to the Secured Creditor that would provide adequate assurance.

30.     Additionally, with respect to the unpaid real estate taxes, it is well settled that a debtor's failure to pay real estate property taxes constitutes "cause" for relief from the automatic stay. *See, In re Mosello*, 195 B.R. 277, 293-94 (Bankr. S.D.N.Y. 1996).

31.     If ever there were a case where "cause" and grounds for relief from the stay was completely evident, this is the case.

32.     Accordingly, the Secured Creditor should be granted relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code for "cause."

**ii.     Grounds Exists Under 11 U.S.C. § 362(d)(2)**

33.     Although there are sufficient grounds for relief from the stay under subsection (d)(1) of Bankruptcy Code §362, the Secured Creditor is entitled to relief from the stay under Bankruptcy Code §362(d)(2).

34.     To be awarded relief from stay under 11 U.S.C. §362(d)(2), a creditor must first prove that there is no equity in the debtor's property.  11 U.S.C. § 362(d)(2)(A). To determine that there is no equity in the property, it must be shown that the debts secured by the liens on the property exceed its value so that there is no residual equity in the property.  *In re Pegasus Agency, Inc.*, 101 F.3d 882, 886 (2d Cir. 1996); *see also In re New Era Comp*., 125 B.R. 725, 728-29

(S.D.N.Y. 1991) (noting that equity is the difference between the value of the property and the total amount of all liens against it); *In re Diplomat Electronics Corp.*, 82 B.R. 688, at 692 (Bankr. S.D.N.Y. 1988).

35.    Once a movant under section 362(d)(2) has established that there is no equity in the collateral, the burden is on the debtor to establish that the collateral at issue is in fact necessary to an effective reorganization. See 11 U.S.C. § 362(g). This burden requires more than a mere showing that reorganization is conceivable and that the property in issue will be needed for it. *United Sav. Ass'n v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375 (1988).  Instead, the debtor must demonstrate that "the property is essential for the effective reorganization that is in prospect." *Id.* Finally, there must be "a reasonable possibility of successful reorganization within a reasonable time." *In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 370-71 (1987).

36.    As of the Petition Date, the Secured Creditor was owed $859,754.87, which amount alone **<u>exceeds</u>** the value of the Real Property (even if the Real Property were in good condition), not to mention the various other secured liens and judgments which may attach to the Real Property, including those for unpaid real estate taxes.  Even if the Real Property were to gross more money above the estimated value of the Real Property, any possible potential equity as a result thereof, would be completely eroded when taking into account the transaction costs associated with selling the Real Property, post-petition interest which lender would be entitled, and post-petition attorneys' fees.

37.    Therefore, the Debtor has no equity in the Real Property which is declining in value by the minute versus the amount of the Loan which is increasing at the same time, which satisfies the requirements of §362(d)(2)(A).

38.     Under the second prong of Bankruptcy Code § 362, subsection (d)(2)(B) requires the property in question to be necessary for an effective reorganization.

39.     Due to this case being filed as a liquidation proceeding under chapter 7 of the Bankruptcy Code, there is no potential for reorganization, and thus this requirement of §362(d)(2) has been satisfied.

40.     Pursuant to 11 U.S.C. § 362(d)(2), and other applicable law, Secured Creditor is entitled to relief from the automatic stay as no equity exists in the Real Property and no reorganization is possible.

## WAIVER OF THE STAY UNDER BANKRUPTCY RULE 4001(a)(3)

41.     Given the significant amount of time since the Debtor has made any payment on the Loan coupled with the diminishing value of the Real Property, as well as, the fact that this Bankruptcy Case is a "bad faith" filing to begin with, the Secured Lender respectfully requests that the Court waive the fourteen (14) day stay period required under Bankruptcy Rules 4001(a)(3). This relief is both necessary and appropriate under the circumstances of this case given the circumstances.

## NOTICE

42.     The Secured Creditor has served the Notice of Hearing, this Motion, and all Exhibits attached hereto by Federal Express overnight delivery, upon: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel, if any; (iv) all parties having filed a Notice of Appearance in this case; and (v) the Chapter 7 Trustee.  The Secured Creditor respectfully represents that service in the aforementioned manner, complies with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules.

43.     No previous application for the relief requested herein has been made to this or any other Court.

## **CONCLUSION**

44.    Based on the foregoing, the Secured Creditor believes that it is entitled to relief from the stay for "cause" under Bankruptcy Code §362(d)(1), as well as, subsection (d)(2).


*****


**WHEREFORE**, the Secured Creditor respectfully moves the Court to enter the proposed order attached hereto as **Exhibit "F"**, which grants the Secured Creditor (a) relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(d)(1) and/or (d)(2), (b) waiving the stay imposed by Bankruptcy Rule 4001(a)(3) and (c) granting such other and further relief that has been requested and/or may be appropriate.


Dated:  Syosset, New York
        October 27, 2022

                                              Vallely Law PLLC
                                              *Counsel to 5AIF Nutmeg, LLC*


                                              By: __*s/Erick Vallely*_____
                                                  Erick Vallely
                                                  Brett S. Silverman
                                          6851 Jericho Tpke, Suite 105
                                          Syosset, NY 11791
                                          evallely@vallelylaw.com
                                          516.265.1733